# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

JOHN DOE,

*Plaintiff*,

v.

THE PARTNERSHIPS AND
UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE A,

*Defendants*.

CASE NO.

**JURY TRIAL DEMANDED**

## VERIFIED COMPLAINT

Plaintiff ████████████████████ ("Plaintiff")[1] brings this action

against all Individuals, Corporations, Limited Liability Companies, Partnerships, And

Unincorporated Associates Identified on Schedule "A" (collectively, "Defendants"),

attached hereto, as follows:

## JURISDICTION AND VENUE

1.    This Court has original subject matter jurisdiction over Plaintiff's claims

pursuant to the Patent Act, 35 U.S.C. § 1 et seq., 28 U.S.C. §§ 1338(a)-(b) (exclusive

patent claim jurisdiction), and 28 U.S.C. § 1331 (original federal question jurisdiction).

2.    Venue is proper in this District under 28 U.S.C. § 1391 and § 1400(b). On

information and belief, Defendants have directed business activities toward consumers in

---

[1] Given the high probability that the defendants in this case are monitoring filings to
avoid liability, Plaintiff's identity is being concealed in public filings.  Plaintiff will
amend the caption upon service of this Verified Complaint.

this District by operating interactive e-commerce stores under the Seller Aliases

identified in Schedule A. As shown in Exhibit 3[2], one or more screenshots per Defendant

confirm: (a) the product image and title of the accused product, (b) the Defendant's seller

alias, (c) the sales price, and (d) a ship-to address within the State of New Jersey or

another U.S. shipping destination. These materials demonstrate that Defendants have

targeted New Jersey residents by offering to sell, selling, and/or shipping infringing

products into this District; accepting payment in U.S. dollars and through U.S.-based

financial institutions; and otherwise purposefully availing themselves of the privilege of

conducting business in New Jersey. These acts have caused Plaintiff substantial harm in

this District, including loss of market share and infringement of its patent rights. The

exercise of personal jurisdiction over Defendants in this District comports with due

process.

## **INTRODUCTION**

3.    Plaintiff brings this action to halt Defendants' ongoing infringement of

Plaintiff's patented ███████technology. The products accused of infringement (the

"Accused Products") are ████████████████ offered under Defendants'

Seller Aliases on platforms such as Amazon, Walmart, Temu, and eBay. Without

authorization, these Accused Products incorporate and practice one or more claims of

Plaintiff's asserted patents.

---

[2] Exhibit 3 is filed under seal and/or in redacted form to prevent premature notice to Defendants and potential evidence destruction or asset dissipation prior to enforcement of the Court's anticipated temporary restraining order.

4.      Each Accused Product meets, either literally or under the doctrine of equivalents, every limitation of at least one claim of each asserted patent. The Seller Aliases exhibit coordinated behavior—including overlapping product features, pricing, advertising, and storefront formats—indicating a common source and a related series of infringing transactions. Although Plaintiff has been able to preliminarily associate certain Seller Aliases with identifiable entities, the vast majority of Defendants continue to obscure their true identities through false registration details, shell entities, and multiple aliases, and frequently changing or creating new aliases, thereby frustrating enforcement efforts and necessitating alternative means of service.

5.      Plaintiff has suffered and continues to suffer irreparable harm because of Defendants' infringement, including the loss of its exclusive rights under the asserted patent, erosion of market share, lost sales, and price dilution. In addition, because ██████████████████████████████████████████████████████ ██████████████████████████████████████████████████████ ██████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████—cannot be fully remedied by monetary damages. Plaintiff therefore seeks both injunctive relief to prevent further infringement and monetary relief to compensate for the damages already sustained.

## THE PARTIES

6.    Plaintiff is ███████████████████████████████████

███████████████████████████████

7.    Plaintiff is ██████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████

██████████████████████

8.    Plaintiff has invested significant time and resources in the research,

development, and engineering of its patented ████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████

Defendants' infringement threatens these investments by undermining Plaintiff's

exclusivity, ███████████████████████, and eroding the returns on Plaintiff's

substantial R&D efforts.

### Plaintiff's Asserted Patent

9.    Plaintiff is the lawful owner of all rights, title, and interest in and to the

U.S. Patent No. ████████████████████████████████ (the

"Asserted Patent No. 1") and U.S. Patent No.████████████████████████████

██████████████████████████ (the "Asserted Patent No. 2") (collectively,

"Asserted Patents"). A true and correct copy of each of the Asserted Patents is attached as Exhibit 1 and Exhibit 2, respectively.

10.    Asserted Patent No. 1 discloses 

11.    Asserted Patent No. 2 is a 

12.    Both Asserted Patents address efficiency: Asserted Patent No. 1 focuses on █████████████████████████████████████, while Asserted Patent No. 2 focuses on █████████████████████████████████
███████████████

13.    The United States Patent and Trademark Office determined that the claims of the Asserted Patents are novel, non-obvious, and innovative over the prior art, as

evidenced by the issuance of the Asserted Patents following full examination and prosecution.

**Plaintiff's Business Model and Commercialization**

14.    Plaintiff commercializes its patented invention 

15.

16.    Unauthorized sales of infringing products, such as those at issue in this case,

As a result, Plaintiff suffers irreparable harm that cannot be adequately remedied by monetary damages alone.

**Defendants' Unlawful Conduct**

17.    On information and belief, Defendants, individually or jointly, operate one or more e-commerce storefronts on Amazon.com using the aliases listed in Schedule A (Schedule A, Defendant List). Due to their concealment tactics, Plaintiff has been unable to uncover their true identities or the full extent of their operations. Plaintiff will amend the Complaint when such information becomes available.

18.    Plaintiff has identified numerous interactive e-commerce stores operated by Defendants on platforms such as Amazon, Walmart, eBay, and Temu. These storefronts offer for sale and sell products that embody one or more claims of The Asserted Patents without authorization or license.

19.    Plaintiff has carefully and diligently analyzed representative examples of Defendants' infringing products.  The Accused Products practice each and every element (or an equivalent thereof) of at least one asserted claim of Asserted Patents. For brevity, representative claim charts are attached as Exhibits 4.1 through 4.6. The products illustrated in Exhibits 4.1 through 4.6 are offered for sale by the Defendants identified in Schedule A. Additional charts for other infringing products can be made available upon the Court's request.

20.    Exhibit 4.1 presents a claim chart for a detailed, element-by-element claim chart comparing a representative Accused Product (█████████████ sold by Defendant No. 4, to Claim 1 of Asserted Patent No. 1. Each claim element is mapped to corresponding product features, supported by annotated images and explanatory text. This chart demonstrates how each limitation of the asserted independent claim is met by the accused product.

21.    Exhibit 4.2 provides an infringement analysis for a second representative Accused Product (█████████████ sold by Defendant No. 9, with respect to Claim 1 of Asserted Patent No. 1, again on a limitation-by-limitation basis.

22.    Exhibit 4.3 provides an infringement analysis for a third representative Accused Product (█████████████ sold by Defendant No. 16, to Claim 1 of

Asserted Patent No. 1. This chart demonstrates how each limitation of the asserted independent claim is met by the accused product.

23.     Exhibit 4.4 maps that same first representative Accused Product (███ █████████████ Defendant No. 4) to Claim 16 of Asserted Patent No. 2, showing where and how each claim limitation is met.

24.     Exhibit 4.5 maps that same second representative Accused Product (███ ███████████ Defendant No. 9) to Claim 16 of Asserted Patent No. 2, again demonstrating how each claim limitation is met.

25.      Exhibit 4.6 contains a claim chart mapping the same third representative Accused Product (██████████████ Defendant No. 16) to Claim 16 of Asserted Patent No. 2, showing where and how each claim limitation is met.

26.     Each claim chart includes annotated photographs and references to publicly available product information to aid the Court's understanding. The exhibits are intended to be demonstrative and are not exhaustive of all infringement theories or claim elements at this stage.

27.     Upon information and belief, Defendants' e-commerce stores share multiple indicators of coordination, including identical or materially indistinguishable product listings, images, descriptions, pricing, and promotional language. As shown in Exhibit 5, six separate listings from six different Seller Aliases use nearly identical images and descriptions despite purporting to be independent sellers. Many storefronts also share the same template design, similar grammatical errors, and overlapping customer service practices, indicating a shared or coordinated infrastructure.

28.     Defendants use false identities, incomplete registration data, and multiple seller aliases to conceal their operations and frustrate enforcement. When challenged, they abandon storefronts, transfer funds, and reappear under new aliases, often using offshore accounts and multiple payment processors to avoid detection and asset restraint.

29.     Defendants also rely on online resources such as sellerdefense.cn and kuajingvs.com, which promote strategies for hiding assets, avoiding detection, and defeating enforcement — including liquidating funds, switching payment processors, and creating new aliases upon being sued.

30.     Defendants target U.S. consumers by advertising in English, pricing in U.S. dollars, accepting U.S.-based payment methods, and shipping to U.S. addresses, including within New Jersey. Their conduct causes Plaintiff direct harm, including loss of market share, erosion of patent exclusivity, and significant loss of licensing revenue from authorized sellers who depend on the exclusivity of the patented invention to compete in the marketplace.

31.     Based on Plaintiff's repeated experience enforcing intellectual property rights against similar online sellers, a recurring pattern has emerged. Even where Plaintiff has obtained TROs, asset freezes, and ultimately default judgments, defendants have transferred funds to offshore accounts or alternative processors before enforcement could be completed, rendering collection of damages unsuccessful. Plaintiff has also observed that such sellers closely monitor federal court dockets and take evasive action almost immediately after a case is filed, including efforts to vacate TROs once entered. For example, in a prior enforcement action, an infringer openly described such monitoring and vacatur tactics. While that infringer is not a defendant in this action, its admissions

corroborate Plaintiff's documented experience with other Schedule A sellers. This recurring pattern creates a rapid 'race against the clock' in which assets are moved beyond the Court's reach within hours of case initiation, underscoring the need for immediate relief.

**Joint and Willful Infringement**

32.    Defendants are acting in concert and willfully infringing Plaintiff's utility patent. Although the Asserted Patents is a utility patent rather than a design patent, the nearly identical product images posted by Defendants on their respective online storefronts reflect a coordinated commonality in the infringing products. Further, representative samples of Defendants' products have been obtained, disassembled, and analyzed, and those analyses confirm that the accused products are materially the same. Plaintiff's accompanying claim charts demonstrate that these products each practice the patented invention. This coordinated conduct evidences joint action among Defendants and supports a finding of willful infringement.  Based on these facts, Defendants are engaged in related infringing conduct and are properly joined in this action.

33.    Defendants' ongoing, unauthorized activities—including manufacturing, distribution, and sales into the United States—have caused, and continue to cause, irreparable harm to Plaintiff, including loss of market position and enforcement power. Monetary damages are insufficient to redress this harm, and immediate injunctive relief is warranted.

## COUNT I – PATENT INFRINGEMENT OF THE ASSERTED PATENT NO. 1
## (35 U.S.C. § 271)

34.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

35.     Defendants are acting in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Accused Products as part of the same transaction, occurrence, or series of related transactions. Without Plaintiff's authorization or license, Defendants have jointly and severally offered for sale, sold, and/or imported into the United States Accused Products that directly and/or indirectly infringe the Asserted Patent.

36.     As detailed in the representative claim charts attached as Exhibit 4.1 to 4.3, Defendants' Accused Products infringe one or more claims of the Asserted Patents, either literally or under the doctrine of equivalents, by practicing each and every element of at least one asserted claim. The claim charts are representative examples, and on information and belief, all Accused Products identified in Schedule A meet each limitation of at least one asserted claim in the same manner as demonstrated in Exhibits 4.1 through 4.3.

37.     Defendants have infringed, and continue to infringe, the Asserted Patents by making, using, selling, offering for sale, and/or importing Accused Products into the United States without authorization.

38.     As a result of Defendants' infringement, Plaintiff has suffered actual harm, including loss of licensing revenue and market injury, while Defendants have unlawfully profited from their conduct.

39.     Defendants' ongoing infringement—including sales and importation directed at New Jersey—has caused, and continues to cause, irreparable harm to Plaintiff. This includes loss of control over its patented technology, erosion of market position, and disruption of its licensing program—injuries that cannot be adequately remedied by monetary damages.

40.     Defendants' conduct is willful, entitling Plaintiff to enhanced damages under 35 U.S.C. § 284. This is an exceptional case warranting an award of attorneys' fees under 35 U.S.C. § 285.

41.     Plaintiff is entitled to injunctive relief under 35 U.S.C. § 283. Absent preliminary and permanent injunctions, Plaintiff will continue to suffer irreparable harm, including further market loss and dilution of its patent rights.

## COUNT II – PATENT INFRINGEMENT OF THE ASSERTED PATENT NO. 2 (35 U.S.C. § 271)

42.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

43.     Defendants are acting in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Accused Products as part of the same transaction, occurrence, or series of related transactions. Without Plaintiff's authorization or license, Defendants have jointly and severally offered for sale, sold, and/or imported into the United States Accused Products that directly and/or indirectly infringe the Asserted Patent.

44.     As detailed in the representative claim charts attached as Exhibit 4.4 to 4.6, Defendants' Accused Products infringe one or more claims of the Asserted Patents,

either literally or under the doctrine of equivalents, by practicing each and every element of at least one asserted claim. The claim charts are representative examples, and on information and belief, all Accused Products identified in Schedule A meet each limitation of at least one asserted claim in the same manner as demonstrated in Exhibits 4.4 through 4.6.

45.    Defendants have infringed, and continue to infringe, the Asserted Patents by making, using, selling, offering for sale, and/or importing Accused Products into the United States without authorization.

46.    As a result of Defendants' infringement, Plaintiff has suffered actual harm, including loss of licensing revenue and market injury, while Defendants have unlawfully profited from their conduct.

47.    Defendants' ongoing infringement—including sales and importation directed at New Jersey—has caused, and continues to cause, irreparable harm to Plaintiff. This includes loss of control over its patented technology, erosion of market position, and disruption of its licensing program—injuries that cannot be adequately remedied by monetary damages.

48.    Defendants' conduct is willful, entitling Plaintiff to enhanced damages under 35 U.S.C. § 284. This is an exceptional case warranting an award of attorneys' fees under 35 U.S.C. § 285.

49.    Plaintiff is entitled to injunctive relief under 35 U.S.C. § 283. Absent preliminary and permanent injunctions, Plaintiff will continue to suffer irreparable harm, including further market loss and dilution of its patent rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendants as follows:

1.     **Permanent Injunction.** That Defendants, and all persons acting in concert or participation with them, including their officers, agents, servants, employees, attorneys, and affiliated third parties, be permanently enjoined from:

   **a.** Making, using, offering for sale, selling, or importing into the United States any products that infringe the Asserted Patents; and

   **b.** Aiding, abetting, or otherwise assisting or encouraging others in infringing the Asserted Patents.

2.     **Third-Party Enforcement.** That, upon Plaintiff's request, third parties with notice of the injunction—including, without limitation, online marketplaces such as Walmart, Amazon, and others—be ordered to disable and remove any listings, advertisements, or seller accounts associated with Defendants that promote or sell infringing products.

3.     **Judgment of Infringement.** That judgment be entered finding Defendants have infringed he Asserted Patents.

4.     **Willful Infringement.** That judgment be entered finding Defendants' infringement was willful.

5.     **Damages.** That Plaintiff be awarded damages adequate to compensate for Defendants' infringement in an amount to be determined at trial, but not less than a reasonable royalty under 35 U.S.C. § 284, along with pre- and post-judgment interest and costs.

6.    **Enhanced Damages.** That Plaintiff be awarded treble damages pursuant to 35 U.S.C. § 284 due to Defendants' willful infringement.

**7.**    **Exceptional Case.** That this case be declared exceptional and Plaintiff be awarded its reasonable attorneys' fees under 35 U.S.C. § 285.

8.    **Attorneys' Fees and Costs.** That Plaintiff recover its reasonable attorneys' fees, costs, and expenses incurred in this action.

9.    **Further Relief.** That the Court award any such other and further relief as it deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## CERTIFICATION

Pursuant to Local Civil Rule 11.2, Plaintiff, through their undersigned counsel, hereby certifies that the matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding, nor is any such action or proceeding presently contemplated to the best of my knowledge and belief.

Dated: August 28, 2025                     Respectfully submitted,

*/s/ John H. Choi*
John H. Choi
John H. Choi & Associates LLC
65 Challenger Road, Suite 100
Ridgefield Park, NJ 07660
Tel. 201.580.6600
Fax. 201.625.1108
Email. jchoi@jchoilaw.com

*Counsel for Plaintiff*

## VERIFICATION



2.     I have read the foregoing Verified Complaint and, based on my personal

knowledge and my knowledge of information reported to me by subordinates and

colleagues who report to me, the factual allegations contained in the Verified

Complaint are true.

3.     I certify under penalty of perjury under the laws of the United States of America

that the foregoing statements made by me are true and correct.

